IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ROBERT V. GOMEZ, II, KAITLYN       *
ANN WILLE, and JENNIFER PRICE,
                                   *
    Plaintiffs,
                                   *
vs.
                                   *     CASE NO. 3:17-CV-42 (CDL)
SCEPTER HOLDINGS, INC., SCEPTER
CANADA, INC., SCEPTER              *
MANUFACTURING, LLC, and THE
MOORE COMPANY,                     *

    Defendants.                    *

O R D E R

Plaintiffs Robert V. Gomez, II, Kaitlyn Ann Wille, and Jennifer Price allege that they were injured when Gomez poured gasoline from a Blitz portable gasoline container onto a mostly extinguished fire and the container exploded. Plaintiffs contend that the gas container was defective because it did not have a flame arrestor. The gas container was manufactured by Blitz U.S.A., which declared bankruptcy in 2011. Plaintiffs allege that Defendants Scepter Holdings, Inc., Scepter Canada, Inc., Scepter Manufacturing, LLC, and The Moore Company distributed the gas container to Harbor Freight, where Gomez's mother bought it. Plaintiffs further allege that Defendants failed to provide an adequate warning even though they knew the gas container was dangerous when they distributed it to Harbor Freight. Defendants

contend that Plaintiffs' Amended Complaint must be dismissed for failure to state a claim.[1]  As discussed below, the Court grants Defendants' motions to dismiss (ECF Nos. 22 & 23) Counts Two and Four of the Amended Complaint but denies the motions as to Counts One and Three.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.  *Id.* at 556. "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"  *Watts v. Fla. Int'l Univ.*,

---

[1] After Defendants moved to dismiss Plaintiffs' original Complaint, Plaintiffs filed an Amended Complaint.  That Amended Complaint supersedes the original Complaint.  *See Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Proctor & Gamble Defense Corp. v. Bean*, 146 F.2d 598, 601 n.7 (5th Cir. 1945)).  Therefore, the Court finds that Defendants' motions to dismiss the original Complaint (ECF Nos. 12 & 13) are moot.

2

495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

FACTUAL ALLEGATIONS

Plaintiffs allege the following facts in support of their claims. Despite Defendants' protestations to the contrary, the Court must accept these factual allegations as true for purposes of the pending motion.

Blitz U.S.A. manufactured the gas container at issue in this action. Am. Compl. ¶ 20, ECF No. 17. Blitz U.S.A. filed for bankruptcy protection after it was sued by multiple individuals for injuries caused by its allegedly defective gas containers. *Id.* ¶ 28. Defendant Scepter Holdings, Inc. acquired the assets of Blitz U.S.A. in 2012. *Id.* ¶¶ 4, 43-46. There was an asset purchase agreement between Blitz U.S.A. and Scepter Holdings. It provided, in relevant part, that when Scepter Holdings purchased certain assets from Blitz U.S.A., Scepter Holdings did not assume any "Liabilities arising out of or related to" certain "Retained Assets" that Blitz U.S.A. did not sell to Scepter Holdings. Scepter Defs.' Mot. to Dismiss Ex. 1, Asset Purchase Agreement ¶ 2.4(a), ECF No. 23-2. Those Retained Assets included "all inventory (raw materials, work-in-progress, finished goods, or otherwise) used or initially held for use in connection with" Blitz U.S.A.'s business. *Id.* ¶ 2.2(f).

3

According to Plaintiffs, Scepter Holdings, Scepter Canada, Inc., and Scepter Manufacturing, LLC (collectively, "Scepter") nonetheless took possession of "old Blitz product, including the subject 5-gallon gas can" when Scepter took possession of Blitz U.S.A.'s facilities. Am. Compl. ¶¶ 35-36. Scepter decided to distribute "the leftover Blitz product, including the subject gas can." *Id.* ¶ 37. Scepter maintained a marketing relationship with The Moore Company, doing business as Moeller Marine Products, Inc. ("Moeller"), and Moeller sold Scepter's products through various channels. *Id.* ¶¶ 14, 30. Moeller's representatives met with representatives of the retail chain Harbor Freight to discuss the distribution and sale of Scepter products, including the leftover Blitz product inventory. *Id.* ¶¶ 32-33, 41. And, after the asset purchase between Scepter Holdings and Blitz U.S.A. was finalized, Scepter and Moeller distributed the gas container at issue in this case to Harbor Freight, where Gomez's mother purchased it in September 2012. *Id.* ¶¶ 22, 24, 46-49. At the time, both Scepter and Moeller knew that the Blitz gas containers were defective but decided to sell them anyway. *Id.* ¶¶ 22-26, 50-59.

Plaintiffs brought claims against Scepter and Moeller for negligence in selling the gas container and for failure to provide an adequate warning, including failure to provide an adequate post-sale warning. Plaintiffs also brought a claim for

4

breach of warranty, but they withdrew that claim. Defendants' motions to dismiss Count Two of the Amended Complaint are therefore granted.

## DISCUSSION

Defendants seek to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) as implausible. Defendants do not argue that Plaintiffs cannot win under the applicable law if they prove all the facts they allege. Rather, Defendants are incredulous that anyone could possibly believe Plaintiffs' allegations. Defendants' argument suffers from what the Court has previously labeled the "*Twombly/Iqbal* compulsion":

> Since *Twombly* was decided, many lawyers have felt compelled to file a motion to dismiss in nearly every case, hoping to convince the Court that it now has the authority to divine what the plaintiff may plausibly be able to prove rather than accepting at the motion to dismiss stage that the plaintiff will be able to prove his allegations. These motions, which bear a close resemblance to summary judgment motions, view every factual allegation as a mere legal conclusion and disparagingly label all attempts to set out the elements of a cause of action as "bare recitals." They almost always, either expressly or, more often, implicitly, attempt to burden the plaintiff with establishing a reasonable likelihood of success on the merits under the guise of the "plausibly stating a claim" requirement. While these cautious lawyers, who have been encouraged by *Twombly* and *Iqbal*, have parsed the *Twombly* decision to extract every helpful syllable, they often ignore a less well known (or at least less frequently cited) admonition from *Twombly*: "[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 . . . . Finding the *Twombly/Iqbal* urge irresistible, many lawyers fail to

appreciate the distinction between determining whether a claim for relief is "plausibly stated," the inquiry required by *Twombly/Iqbal*, and divining whether actual proof of that claim is "improbable," a feat impossible for a mere mortal, even a federal judge.

*Barker ex rel. U.S. v. Columbus Reg'l Healthcare Sys., Inc.*, 977 F. Supp. 2d 1341, 1346 (M.D. Ga. 2013).

As the Court has observed, *Twombly* and *Iqbal* did not rewrite Rule 12(b)(6) or abandon notice pleading. Again, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. Here, Defendants' chief argument is that no one could possibly believe that discovery will reveal evidence of Plaintiffs' claims. Once more, it is not the Court's job at this stage in the litigation to divine whether actual proof of Plaintiffs' claims is unlikely; "12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 550 U.S. at 556).

In this case, Defendants contend that the asset purchase agreement between Scepter Holdings and Blitz U.S.A. shields them from liability as a matter of law because Scepter Holdings did not purchase Blitz U.S.A.'s gas container inventory and did not assume any liability for that inventory. Plaintiffs do not appear to dispute that the leftover inventory of Blitz gas

6

containers was not part of the asset purchase agreement between Blitz and Scepter, and they do not appear to dispute that Scepter did not agree to accept liability resulting from Blitz's conduct in manufacturing and selling defective gas containers. Therefore, Plaintiffs seem to acknowledge that they cannot pursue claims against Scepter based on successor liability.

But the allegations in this action are not based on successor liability of a product manufacturer. Rather, the allegations are based on Defendants' own alleged decision to distribute, without an adequate warning, the Blitz gas containers that Scepter allegedly found in a warehouse when it purchased Blitz's facilities even though Scepter and Moeller both allegedly knew the gas containers were defective (and even though Scepter did not actually purchase the gas containers).[2] If these allegations are true, then Defendants could be held liable under a negligent seller theory.

Under Georgia law, a product distributor can be "liable for negligent failure to warn only if, at the time of the sale, it had 'actual or constructive knowledge' that its product created a danger for the consumer." *Bishop v. Farhat*, 489 S.E.2d 323, 328

---

[2] Defendants also contend that Plaintiffs must be alleging that Scepter colluded with Blitz U.S.A. on a plan to sell the gas containers, which were not sold to Scepter as part of the asset purchase agreement, even though the Bankruptcy Court expressly found that there was no collusion. But Plaintiffs do not allege that Blitz U.S.A. and Scepter made a plan for Scepter to sell the gas containers. Rather, Plaintiffs allege that Scepter and Moeller decided to sell the leftover Blitz U.S.A. inventory that Scepter found in a Blitz U.S.A. warehouse.

7

(Ga. Ct. App. 1997) (quoting *Stiltjes v. Ridco Exterminating Co.*, 386 S.E.2d 696, 698 (Ga. Ct. App. 1989)). "The seller is required to warn if [it] 'has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge of the danger . . . .'" *Id.* (quoting *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 211 (Ga. 1994)) (finding that a jury question existed on whether a product distributor reasonably knew of the danger associated with its latex gloves such that it should not have labeled the gloves as "hypoallergenic"). Although Defendants here contend that Plaintiffs did not adequately allege that Defendants had sufficient knowledge of the danger associated with Blitz gas containers, Plaintiffs did allege facts which, if proven, would establish that Defendants did have such knowledge. *See* Am. Compl. ¶¶ 22-26, 50-59 (alleging that Defendants knew or should have known that gas containers without flame arrestors were susceptible to explosions). The Court thus denies Defendants' motion to dismiss Counts One and Three of the Amended Complaint.

The Court, however, grants Defendants' motions to dismiss Count Four of the Amended Complaint, which is based on a post-sale failure to warn theory. "Georgia law recognizes a *manufacturer's* duty to warn consumers of danger arising from the use of a product based on knowledge acquired after the product is sold." *DeLoach v. Rovema Corp.*, 527 S.E.2d 882, 883 (Ga. Ct.

App. 2000) (emphasis added). "But Georgia law imposes a duty on a *seller* to warn only of dangers actually or constructively known *at the time of the sale*." *Id.* (emphasis added); *accord Bishop*, 489 S.E.2d at 328 (emphasizing that a distributor's liability for negligent failure to warn is based on what the distributor knew or should have known "at the time of the sale"). For this reason, Plaintiffs' post-sale failure to warn claim fails as a matter of law and must be dismissed.

CONCLUSION

As discussed above, Defendants' motions to dismiss the original Complaint (ECF Nos. 12 & 13) are moot. The Court grants Defendants' motions to dismiss Counts Two and Four of the Amended Complaint (ECF Nos. 22 & 23) but denies Defendants' motions as to Counts One and Three. The discovery stay (ECF No. 25) is lifted. Within twenty-eight days of today's Order, the parties shall comply with the Court's Rules 16/26 Order (ECF No. 15).

IT IS SO ORDERED, this 29th day of September, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA